# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEONARINE RAMPERSAUD,**

**Plaintiff,**

**-vs-**                                          **Case No.  6:06-cv-125-Orl-31KRS**

**ACKERIDGE COMMUNICATIONS, LLC.**
**and STEVE ACKERIDGE,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, Ackeridge Communications, LLC [and Steve Ackeeridge]. Doc. No. 8. The defendants, Ackeridge Communications, LLC, and Steve Ackeridge, have not responded to the motion for entry of default judgment. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

## I.      PROCEDURAL HISTORY.

On February 1, 2006, Deonarine Rampersaud filed a complaint against Ackeridge and Ackeridge Communications, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Doc. No. 1. Rampersaud alleges that Ackeridge and Ackeridge Communications failed to pay him overtime compensation while he was employed by Ackeridge Communications. Rampersaud also seeks liquidated damages, attorneys' fees, and costs.

The complaint was served on Ackeridge and Ackeridge Communications on February 1, 2006.  Doc. Nos. 4-5.  Neither  Ackeridge nor Ackeridge Communications responded to the complaint.  At Rampersaud's request, the Clerk of Court entered defaults against both Ackeridge and Ackeridge Communications.  Doc. No. 7.  On July 10, 2006, Rampersaud filed the present motion for entry of default judgment as to both defendants.  Doc. No. 8.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded.  When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence."  *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

## III.    ALLEGATIONS OF THE COMPLAINT.

Rampersaud was employed by Ackeridge Communications and engaged in commerce as defined by the FLSA.  Complaint ¶¶ 4-7.  Ackeridge owned or was an officer of Ackeridge Communications at all times relevant to Rampersaud's claims and was "substantially in control of the terms and conditions of [Rampersaud's] work . . . ." *Id.* ¶¶ 8-9.  The defendants willfully failed to compensate Rampersaud at the statutory overtime rate for certain work in excess of forty hours per week.  *Id.* ¶ 12.

IV.     **ANALYSIS.**

    A.     *Liability*.

        1.     <u>FLSA Overtime Compensation Claim</u>.

To prevail on a claim for unpaid overtime under the FLSA, Rampersaud must establish the following:

> First, that he was employed by Ackeridge Communications during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that Ackeridge Communications failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Ackeridge Communications admits that it employed Rampersaud during the relevant time period.  It admits that Rampersaud was engaged in commerce.  It admits that it failed to pay overtime wages as required by the FLSA.  This is sufficient to establish that Ackeridge Communications is liable to pay Rampersaud the overtime wages he is owed for his work.

        2.     <u>Individual Liability</u>.

With respect to Ackeridge, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511

(1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Id.* at 638.

By failing to answer the complaint, Ackeridge admits that he was an owner or officer of Ackeridge Communications, and that he was substantially in control of the terms and conditions of Rampersaud's work.  This is sufficient to establish that Ackeridge is also liable to pay Rampersaud overtime wages owed for his work.

B.    *Damages.*

1.    Overtime Compensation.

Under the FLSA, Rampersaud is entitled to be paid one and one-half times his regular rate of pay for all hours in excess of forty worked in a work week.  *See* 29 U.S.C. § 207(a)(1).  Rampersaud avers that he was compensated at a rate of $10.00 per hour.  Doc. No. 8 at 10 ¶ 7 (Rampersaud Aff.).  Rampersaud attests that he worked for the defendants from December 13, 2004 to January 6, 2005.  *Id.* ¶ 2.  Rampersaud avers that between December 13, 2004, and January 6, 2005, he "worked 9.25 hours of overtime and did not receive one-half [his] regular rate of pay from [Defendants] for all hours worked over 40 per week."  *Id.* ¶ 9.[1]

Because Rampersaud averred that his regular rate of pay was $10.00 per hour, his overtime rate would be $15.00 per hour.  Rampersaud avers only that he was not paid one-half his regular rate of pay for these 9.25 hours of overtime work, raising the inference that he was paid his regular hourly rate for this overtime work.  While Rampersaud also avers that he was not paid his regular

---

[1]  Rampersaud also avers that he was paid no wages for forty hours of work he performed between January 2 and January 6, 2005.  Rampersaud Aff. ¶ 8.  Because Rampersaud did not allege a breach of contract or minimum wage claim in his complaint, Defendants have not, by failing to answer, admitted liability for these unpaid wages.

rate of pay for forty hours worked between January 2 and January 6, 2005, there is no showing that the 9.25 hours of overtime were worked between January 2 and January 6, 2005.  Therefore, based on the evidence presented, Rampersaud is entitled to payment of one-half his regular rate of pay, or $5.00 per hour, for the 9.25 hours of overtime he worked.  This results in a total payment due of $46.25 in unpaid overtime wages, calculated as follows: $5.00 per hour multiplied by 9.25 hours of overtime.

2.    Liquidated Damages.

By failing to answer the complaint, Ackeridge Communications and Ackeridge admit that they acted willfully in failing to pay Rampersaud the required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of . . . unpaid overtime compensation . . . ."  29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[2]  Accordingly, Ackeridge Communications and Ackeridge are liable, jointly and severally, to pay Rampersaud the amount of unpaid overtime compensation owed to him, $46.25, as liquidated damages.

---

[2] Rampersaud's affidavit states that he seeks liquidated damages for a minimum wage violation in the amount of $206.00.  Rampersaud Aff. ¶ 10.  There is no minimum wage claim in this case.  Even if the Court construes the affidavit to refer to overtime wages, the calculation of liquidated damages is incorrect. Plaintiff contends that he is owed $138.75 in overtime wages. Double this amount would be $277.50, not $206.00.  Because the calculation of liquidated damages is easily derived, I prepared the liquidated damages calculation as discussed herein.

C.      *Attorneys' Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought.  *Hensley*, 461 U.S. at 433.  "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."  *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).  It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

-7-

Rampersaud seeks an award of $2,568.00 for the services provided by his attorneys, K.E. Pantas, Mary E. Lytle, and Scott C. Adams, and paralegal, Kristen A. Burke.  Doc. No. 8 at 5. Pantas submitted an affidavit regarding fees and costs incurred in this case.  Doc. No. 8 at 7-8.  He avers that he worked 4.0 hours at an hourly rate of $250.00, that Lytle worked 1.1 hours at an hourly rate of $250.00, that Adams worked 1.4 hours at an hourly rate of $150.00, and that Burke worked 11.4 hours at an hourly rate of $95.00.  *Id*.  Pantas provided no description of the work he and the others performed on the case.  He provides no basis to support the hourly rates sought.[3]

Because the plaintiff bears the burden of showing the reasonableness of the hours worked and the hourly rate sought, and because Pantas's affidavit fails to provide any information required to make a reasonableness determination, there is no basis to assess a lodestar attorney's fees. Because the FLSA mandates that the Court shall award a reasonable attorney's fee to a prevailing plaintiff, and considering the quality of the representation in this case as discussed herein, I respectfully recommend that the Court award attorneys' fees in the amount of $1.00.

---

[3] I acknowledge that the papers filed in the case show that someone, either attorneys or a paralegal, performed some work in the case.  However, the papers also confirm that the work on this case largely involved submitting boilerplate papers filed frequently by plaintiff's counsel in FLSA cases.  Indeed, as discussed above, in many instances the papers filed by plaintiff's counsel were not conformed to the causes of action and facts of this case.  Furthermore, some fees were undoubtedly incurred merely from the decision to file this case, for which plaintiff sought a total of $883.50 in damages, in federal, rather than in state court.  These include any time associated with reviewing the Court's Notice of Pendency of Other Actions and filing a Certificate of Interested Persons.  The only unique work performed appears to be related to preparing the affidavits of Pantas and Rampersaud, which consist of a combined total of five pages.  As discussed above, Pantas's affidavit was completely insufficient to accomplish the purpose for which it was prepared, and Rampersaud's affidavit contained incorrect calculations and was unclear on the issue of overtime payment due.

      3.    <u>Costs</u>.

Rampersaud seeks an award of costs in the amount of $370.00 for reimbursement for the filing fee ($250.00) and for the costs of serving process in this case ($120.00).  Doc. No. 8 at 8. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ."  *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).  I find, in the absence of objection, that Rampersaud is entitled to an award of costs from Ackeridge Communications and Ackeridge, jointly and severally, in the amount requested.

## V.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, Ackeridge Communications, LLC [and Steve Ackeridge], doc. no. 8, be **GRANTED** in part and **DENIED** in part.  I further recommend that the Court enter a default judgment against Ackeridge and Ackeridge Communications, LLC on Rampersaud's claim for violation of the overtime provisions of the FLSA, and liquidated damages, and order Ackeridge and Ackeridge Communications, LLC, jointly and severally, to pay Rampersaud damages in the amount of $92.50, attorneys' fees in the amount of $1.00, and costs in the amount of $370.00, for a total award of $463.50.  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

      Recommended in Orlando, Florida on August 2, 2006.

*Karla R. Spaulding*
                    KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy